IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLYMPIC STEEL, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PAN METAL & PROCESSING, LLC, | : | NO: 11-cv-06938 |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

AND NOW, this 20th day of December, 2011, upon consideration of Plaintiff's Motion for Service by Publication (Doc. No. 3), it is hereby ORDERED that said Motion (Doc. No. 3) is DENIED without prejudice.

I.   Factual Background and Procedural History

On November 3, 2011, Plaintiff Olympic Steel, Inc. ("Olympic Steel" or "Plaintiff") brought this action against Defendant Pan Metal & Processing, LLC ("Pan Metal" or "Defendant"), alleging breach of contract, promissory estoppel, unjust enrichment, and conversion.  (Doc. No. 1).  The complaint avers that Pan Metal has not paid $411,326.91 it owes to Olympic Steel, a supplier of steel products, for product delivered between March of 2010 and July of 2011 (Doc. No. 1 ¶¶ 5-7).  Plaintiff has made several unsuccessful attempts to serve process on Pan Metal and now asks us to authorize service by publication.  As detailed below, we find that service by publication is not yet warranted and deny Plaintiff's motion accordingly.

II.   Legal Analysis

We begin with a brief overview of the rules governing service of process in general.

Under Federal Rule of Civil Procedure 4(h), one may serve a corporation, partnership, or association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Accordingly, a plaintiff may serve process "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). We sit in Pennsylvania, so Olympic Steel may effect service of process in this matter according to Pennsylvania law.

Rule 430(a) of the Pennsylvania Rules of Civil Procedure provides that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Here, Plaintiff moves under this rule for an order permitting service by publication.

While Rule 430 clearly contemplates service by publication in some circumstances, see Pa. R. Civ. P. 430(b)(1), alternative methods of service, such as service by publication, are an option of last resort. Grove v. Guilfoyle, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (citation omitted); see also Fusco v. Hill Fin. Sav. Ass'n, 683 A.2d 677, 680 (Pa. Super. Ct. 1996) (remarking that "[s]ervice of process by publication is an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of the action against him."). We must remember that "[s]ervice of process is not a mere technicality. Rather, constitutional due process requires that service of process be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (quoting Mullane v.

Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

With that in mind, "[t]here are three steps a party wishing to obtain leave for alternate service of process must take under the Pa. R. Civ. P. 430. First, the person must show a good faith effort to locate the person on which service is to be made. Second, plaintiff must undertake practical efforts to serve defendant under the circumstances. If the plaintiff has satisfied these first two steps, she must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him." Id. at 470-71; see also Barbosa v. Dana Capital Grp., Civil Action No. 07-cv-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009) (noting that "[d]istrict courts in the Third Circuit have repeatedly held that a plaintiff moving for alternative service, such as service by publication, must establish" the aforementioned three elements.) (citations omitted). We address each of the three prongs in turn.

Regarding the "good faith effort" requirement, the Note to Rule 430 provides an "illustration of a good faith effort to locate the defendant." Specifically, a good faith effort may include "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act...(2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records." This list is exemplary, not exhaustive, Grove v. Guilfoyle, 222 F.R.D. at 256, and a plaintiff need not pursue every one of the aforementioned avenues to satisfy Rule 430's good faith effort requirement. Calabro v. Leiner, 464 F. Supp. 2d at 472 (citation omitted).

Here, although Plaintiff has certainly made some efforts to locate both Defendant Pan Metal and someone who could accept process for the Defendant, these efforts have not yet met

3

the good faith effort requirement.  With respect to Defendant Pan Metal, Plaintiff located Pan Metal's purported address through the Pennsylvania Department of State ("DOS"); retrieved Pan Metal's Certificate of Organization from the DOS, which confirmed Pan Metal's address on E. Tioga Street in Philadelphia, PA; called the telephone number for Pan Metal provided by directory assistance and independently confirmed through an "Anywho" internet search, finding the number no longer in service; and visited Pan Metal's supposed address twice, finding that Pan Metal was not, in fact, located at the aforementioned E. Tioga Street location.  According to Plaintiff, "it appears that Pan Metal has ceased or truncated its operations."  (Doc. No. 3, at 7).  Under these circumstances, we do not see much more Plaintiff could do to locate the Pan Metal entity itself.

However, Pan Metal's Certificate of Organization names Jeff Wilkins as the company's sole organizer and provides Mr. Wilkins' address on Windham Drive in Easthampton, NJ.  (Doc. No. 3 Ex. C).  Additionally, it appears that Plaintiff may have dealt with Mr. Wilkins in the course of the business transactions leading up to this litigation.  (See Doc. No. 1 Ex. A (invoices showing "VB Jeff" as the "Cust. PO#")).  Plaintiff's process servers visited the Windham Drive address twice, once on December 2, 2011, and once on December 8, 2011.  (Doc. No. 3 Exs. A, D).  The first time no one answered the door, and the second time a man answered and stated that the server had the wrong address.  (Doc. No. 3 Exs. A, D).  As far as we can tell, Plaintiff took no additional steps to locate Mr. Wilkins.  They did not file an FOIA request with the post office to obtain Mr. Wilkins' current address; ask Mr. Wilkins' neighbors if he had moved; or examine voter registration records, local tax records, and motor vehicle records, all of which are listed in Rule 430 as examples of what a good faith effort entails.

We recognize that Plaintiff sued Pan Metal, not Jeff Wilkins. However, although Mr. Wilkins is not the formal defendant in this matter, he may very well be the proper person to accept service of process for the company. As mentioned *supra*, Wilkins apparently organized Pan Metal, so Plaintiff could at least potentially serve Pan Metal through Wilkins under Pennsylvania Rule of Civil Procedure 424 as an "executive officer, partner or trustee" of Pan Metal, or perhaps "the manager, clerk or other person for the time being in charge of any regular place of business or activity" of the company. At the very least, Mr. Wilkins may have information regarding what happened to Pan Metal and who can accept service for the company (if he himself cannot). As discussed *supra*, Plaintiff has not yet exhausted many of the available options to locate Mr. Wilkins and therefore has failed to clear Rule 430's good faith effort hurdle.

Second, regarding the "practical efforts to serve" prong, "[h]alf-hearted attempts at service will not do." Banegas v. Hampton, Civil Action No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (citation omitted). More specifically, "[c]ourts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service,...or repeated attempts ... including a stake out...On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day...or when two attempts were made on consecutive days of the week with the first being made to a vacant office." Id. (internal citations and quotations omitted). Here, we find that Plaintiff's service efforts thus far (two visits each to Pan Metal's purported E. Tioga Street address and Jeff Wilkins' purported Windham Drive address) do not suffice to meet the "practical efforts to serve" requirement.

Finally, with respect to the "reasonably calculated to provide notice" prong, "the plaintiff

must specify the newspapers in which he intends to publish notice" so we can determine whether the proposed service by publication is reasonably calculated to reach the defendant. Barbosa, 2009 WL 902339, at *7 (citation omitted). In addition, we will only permit service by publication if convinced "that the published notice is placed where it is most likely to be seen by the defendant." Id. (citation omitted). Here, Plaintiff does not specify in which newspapers and/or publications Plaintiff intends to publish notice of its suit against Pan Metal. Therefore, we have no way of knowing whether the proposed service by publication will likely reach the Defendant. For this reason, Plaintiff fails to persuade us that service by publication will provide adequate notice to the Defendant in this matter. This poses not only a procedural problem, but a constitutional one. See Mullane, 339 U.S. at 314 (The "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.").

III.   Conclusion

For the aforementioned reasons, Plaintiff's Motion for Service by Publication (Doc. No. 3) is DENIED without prejudice. Should Plaintiff's renewed efforts to serve process in this matter prove unsuccessful, Plaintiff may re-file its request for service by publication with additional affidavits detailing those efforts. Any new request should also indicate (1) the publications in which Plaintiff proposes to publish notice, and (2) why we can expect those publications to reach the Defendant in this action.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.