IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLYMPIC STEEL, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PAN METAL & PROCESSING, LLC, | : | NO: 11-cv-6938 |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

AND NOW, this 2nd day of March, 2012, upon consideration of Plaintiff's Renewed Motion for Service by Publication and Posting (Doc. No. 6), it is hereby ORDERED that said Motion (Doc. No. 6) is GRANTED as follows.  Service upon Defendant Pan Metal & Processing, LLC ("Defendant" or "Pan Metal") shall be made by:

1. Publishing notice once in The Legal Intelligencer, The Philadelphia Inquirer, and The Burlington County Times in the format required by Pennsylvania Rule of Civil Procedure 430(b)(1);

2. Posting notice and copies of the summons and complaint at the last known address of Pan Metal and the last known address of Pan Metal's sole organizer, Jeffrey Wilkins; and

3. Mailing copies of the summons and complaint to the last known addresses of Pan Metal and Jeffrey Wilkins.

Plaintiff shall effectuate service in this manner on or before March 23, 2012.  In addition, Plaintiff must post proof of service on ECF no later than March 30, 2012.  Adequate proof of service may comprise an affidavit along with supporting documentation reflecting that Plaintiff served process in accordance with this Order.

1

I.     Factual Background and Procedural History

On November 3, 2011, Plaintiff Olympic Steel, Inc. ("Olympic Steel" or "Plaintiff") brought this action against Defendant Pan Metal alleging breach of contract, promissory estoppel, unjust enrichment, and conversion. (Doc. No. 1). The complaint avers that Pan Metal has not paid $411,326.91 it owes to Olympic Steel, a supplier of steel products, for product delivered between March of 2010 and July of 2011 (Doc. No. 1 ¶¶ 5-7). On December 12, 2011, after several unsuccessful attempts to serve process on Pan Metal, Plaintiff asked us to authorize service by publication. (See Doc. No. 3). We denied that request without prejudice on December 21, 2011, reasoning that Plaintiff had not yet done enough to justify this option of last resort. (See Doc. No. 4).

Two (2) months later, on February 21, 2012, we ordered Plaintiff to effectuate service by March 5, 2012, or risk dismissal under Federal Rule of Civil Procedure 4(m). (See Doc. No. 5). Plaintiff has now renewed its motion for alternative service of process, detailing its many unsuccessful endeavors to serve Pan Metal and its sole organizer, Jeffrey Wilkins. (See Doc. No. 6). As explained herein, Plaintiff has now met the criteria for alternative service of process under Rule 430(a) of the Pennsylvania Rules of Civil Procedure, and we grant Plaintiff's motion accordingly.

II.    Legal Analysis

As we did in our prior Order, we begin with a brief overview of the rules governing service of process in general. Under Federal Rule of Civil Procedure 4(h), one may serve a corporation, partnership, or association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Accordingly, a plaintiff may serve process "following

2

state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). We sit in Pennsylvania, so Olympic Steel may effect service of process in this matter according to Pennsylvania law.

Rule 430(a) of the Pennsylvania Rules of Civil Procedure provides that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Here, Plaintiff moves under this Rule for an order permitting service by publication and posting.

While Rule 430 contemplates service by publication in some circumstances, see Pa. R. Civ. P. 430(b)(1), a court may authorize such an alternative method of service only as a last resort. Grove v. Guilfoyle, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (citation omitted); see also Fusco v. Hill Fin. Sav. Ass'n, 683 A.2d 677, 680 (Pa. Super. Ct. 1996) (remarking that "[s]ervice of process by publication is an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of the action against him."). We must remember that "[s]ervice of process is not a mere technicality. Rather, constitutional due process requires that service of process be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

With that in mind, "[t]here are three steps a party wishing to obtain leave for alternate

3

service of process must take under the Pa. R. Civ. P. 430. First, the person must show a good faith effort to locate the person on which service is to be made. Second, plaintiff must undertake practical efforts to serve defendant under the circumstances. If the plaintiff has satisfied these first two steps, she must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him." Id. at 470-71; see also Barbosa v. Dana Capital Grp., Civil Action No. 07-cv-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009) (noting that "[d]istrict courts in the Third Circuit have repeatedly held that a plaintiff moving for alternative service, such as service by publication, must establish" the aforementioned three elements.) (citations omitted). We address each of the three prongs in turn.

Regarding the "good faith effort" requirement, the Note to Rule 430 provides an "illustration of a good faith effort to locate the defendant." Specifically, a good faith effort may include "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act. . .(2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records." This list is exemplary, not exhaustive, Grove v. Guilfoyle, 222 F.R.D. at 256, and a plaintiff need not pursue every one of the aforementioned avenues to satisfy Rule 430's good faith effort requirement. Calabro v. Leiner, 464 F. Supp. 2d at 472 (citation omitted).

Here, subsequent to our December 21, 2011 Order denying Plaintiff's motion for service by publication, Plaintiff has undertaken an extensive search to locate both Defendant Pan Metal as well as someone who might accept process for the Defendant, i.e., Jeffrey Wilkins, Pan Metal's sole organizer. Plaintiff's efforts include asking the United States Post Office ("USPS")

for the current addresses of Pan Metal and Wilkins; requesting information on Pan Metal and Wilkins from the DMV; performing internet research; searching the Accurint and Dun & Bradstreet databases for Pan Metal; and obtaining documentation from the Burlington County Board of Taxation showing that Wilkins still owns the property located on Windham Drive in Eastampton, New Jersey, the address at which Plaintiff tried to serve him twice previously.  (See Doc. No. 6).  Based on this research, Plaintiff determined that Pan Metal has moved from its previous location on E. Tioga Street in Philadelphia without leaving a forwarding address, and that Jeffrey Wilkins still resides on Windham Drive in Eastampton.  Plaintiff has undoubtedly made a good faith effort to locate Pan Metal and Wilkins.

      Second, regarding the "practical efforts to serve" prong, "[h]alf-hearted attempts at service will not do."  Banegas v. Hampton, Civil Action No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (citation omitted).  More specifically, "[c]ourts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service,. . .or repeated attempts. . .including a stake out. . .On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day. . .or when two attempts were made on consecutive days of the week with the first being made to a vacant office."  Id. (internal citations and quotations omitted).

      Here, Plaintiff has diligently attempted to serve Pan Metal and Wilkins without avail.  With respect to Pan Metal, Plaintiff has reasonably concluded that the company has ceased or truncated its operations and no longer has any place of business staffed with personnel authorized to accept service.  In fact, USPS records reflect that Pan Metal moved from its previous location

and did not provide a forwarding address.  Therefore, Plaintiff appropriately focused its service efforts on Wilkins, Pan Metal's sole organizer according to the company's Certificate of Organization.

On Thursday, February 23, 2012, Plaintiff's process server went to the Eastampton address where Wilkins apparently resides.  The server knocked on the door, and the woman who answered told the server that Wilkins was not home and she did not know when he would return. (Doc. No. 6, at 7).  The woman refused to accept service.  (Doc. No. 6 Ex. C).  The server made six (6) additional attempts to serve Wilkins at this address over the next four (4) days, but each time, no one answered the door.  (Id.).  The server also waited outside the house for several hours during the morning of February 27th.  (Id.).  As such, it is reasonable to infer that Pan Metal and Wilkins are actively evading service.  Under these circumstances, Plaintiff has certainly made practical efforts to serve the Defendant as envisioned by Rule 430.  See Premium Payment Plan v. Shannon Cab Co., No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007) (concluding that "repeated attempts to serve the defendant's officer, including a stake-out" satisfy the "practical efforts to serve" prong when the defendant's officer continues to avoid service).

Finally, due process requires a civil plaintiff to put his adversary on notice of the suit pending against him.  See Mullane, 339 U.S. at 314 (The "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.").  As such, with respect to the "reasonably calculated to provide notice" prong, "the plaintiff must specify the newspapers in which he intends to publish notice" so we can determine whether the proposed service by publication is reasonably calculated to reach the defendant.  Barbosa, 2009 WL 902339, at *7 (citation omitted).  In addition, we will

only permit service by publication if convinced "that the published notice is placed where it is most likely to be seen by the defendant." Id. (citation omitted).

Here, we believe that the alternative means of service requested by the Plaintiff and refined by the Court are calculated to provide notice to the Defendant of these proceedings. Posting at and mailing to the Eastampton address and the last known address of Pan Metal will place Pan Metal's sole organizer on notice at both his legal residence and his last known place of business. In addition, publishing in the three (3) newspapers specified by the Plaintiff will provide for additional notice "in the unlikely event that defendant's [sole organizer] avoids the legal residence in a further attempt to evade service." Premium Payment Plan, 2007 WL 2319776, at *2.

III.    Conclusion

For the aforementioned reasons, Plaintiff's Renewed Motion for Service by Publication and Posting (Doc. No. 6) is GRANTED subject to the Court's modifications, *supra*, at 1.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.